NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QUN LIU, | No. 15-72039 |
| Petitioner, | Agency No. A088-319-534 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2019**
Pasadena, California

Before: NGUYEN and MILLER, Circuit Judges, and VITALIANO,*** District
Judge.

Qun Liu, a native and citizen of the People's Republic of China, seeks

review of the Board of Immigration Appeals' order dismissing her appeal from an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we review the Board's determination for substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

In dismissing Liu's appeal, the Board upheld the IJ's adverse credibility finding on the basis of several inconsistencies within Liu's testimony and between it and her documentary submissions. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, Liu initially testified and indicated in her written declaration that she was promoted at the hospital in which she worked just one week after medical personnel at the same hospital forced her to undergo an abortion; Liu then changed her testimony, saying that she was in fact demoted after the procedure. When the government asked her to explain this inconsistency, Liu testified that she was both promoted and demoted. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (concluding that the applicant's opportunity to explain may be provided through direct and cross-examination, not just through "multiple iterations" of explanation or a "colloquy" with the IJ). The Board relied on several other inconsistencies identified by the IJ and concluded that Liu was given ample opportunity to explain them but failed to do so.

Even assuming that Liu's explanations were plausible, we cannot say that

"any reasonable adjudicator would be compelled to conclude" that Liu's testimony was credible. 8 U.S.C. § 1252(b)(4)(B). In the absence of credible testimony from Liu, or other evidence showing that she endured a forced abortion, Liu cannot establish that her political opinion or any other protected ground was a central reason for her persecution. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i).

Because Liu cannot overcome the IJ's adverse credibility determination, substantial evidence supports the Board's denial of withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(C). Apart from her discredited testimony, Liu has not identified any additional evidence that the IJ failed to consider, and nothing in the record independently supports a claim for withholding of removal. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

Substantial evidence also supports the rejection of Liu's claim under the Convention Against Torture. *See Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015). Liu's claim relied on the same statements that she made regarding her claims for asylum and withholding of removal. And her documentary evidence is insufficient to establish a probability of torture for the same reason that it did not establish her claims for asylum and withholding of removal. *See Garcia*, 749 F.3d at 792.

**PETITION DENIED.**

3